UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)   Crim. No. 13-10238-DPW<br>ROBEL PHILLIPOS,         )<br>)<br>Defendant.      ) | |

**<u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>**

     Pursuant to Fed. R. Crim. P. 30, the United States of America, by and through its attorneys, United States Attorney Carmen M. Ortiz, and Assistant United States Attorneys B. Stephanie Siegmann and John A. Capin for the District of Massachusetts, hereby submits its request for the following special jury instructions in addition to the Court's standard instructions. The government respectfully reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's jury instructions and/or the evidence presented by the defendant after the government rests.

                                                                           Respectfully submitted,

                                                                           CARMEN M. ORTIZ
                                                                           United States Attorney

                                                                    By: /s/ B. Stephanie Siegmann
                                                                        B. STEPHANIE SIEGMANN
                                                                        JOHN A. CAPIN
                                                                        Assistant U.S. Attorneys

<u>Certificate of Service</u>

     I do hereby certify that a copy of foregoing was served upon the counsel of record for the defendant by electronic notice on this 8th day of September 2014.

                                                            /s/ B. Stephanie Siegmann
                                                             B. Stephanie Siegmann

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 1
### (PUNISHMENT)

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively with me as the presiding judge in this case.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict in any way, or in any sense enter into your deliberations.

1 L. Sand et al., Modern Federal Jury Instructions (Criminal), ¶9.01.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 2**
**(WEIGHING THE TESTIMONY OF AN EXPERT WITNESS)**

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

First Circuit Pattern Jury Instruction (Criminal) Inst. 2.06 (1998).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 3**
**(COUNTS THREE AND FOUR OF INDICTMENT)**

The indictment in this case contains two counts or charges against the defendant.

Both of these counts charge the defendant with making materially false, fictitious and fraudulent statements to special agents of the Federal Bureau of Investigation and investigators assigned to the FBI's Joint Terrorism Task Force during the investigation of the Boston Marathon bombing. It is a crime to make false statements in any matter within the jurisdiction of the executive, legislative, or judicial branch of the government.

Count Three charges that on April 20, 2013, in a matter involving domestic and international terrorism within the jurisdiction of the executive branch of the government, the defendant made materially false, fictitious and fraudulent statements and representations, which Phillipos then knew to be false. Specifically, Count Three alleges the defendant made the following false statements: (1) he did not remember going to Dzhokhar Tsarnaev's dormitory room on the evening of April 18, 2013; (2) he returned to the door of Dzhokhar Tsarnaev's dorm room on the evening of April 18, 2013 at approximately 10:00 p.m. with Kadyrbayev and Tazhayakov but no one entered the dormitory room; and (3) on the evening of April 18, 2013, he knocked on the door of Dzhokhar Tsarnaev's dormitory room but no one answered; he then checked the door handle to see if the door was locked and because the door was locked, he, Kadyrbayev, and Tazhayakov left the area.

Count Four charges that on April 25, 2013, in a matter involving domestic and international terrorism within the jurisdiction of the executive branch of the government, the defendant did make materially false, fictitious and fraudulent statements and representations, which Phillipos then knew to be false. Specifically, Count Four alleges that the defendant made

the following false statements: (1) he only entered Dzhokhar Tsarnaev's dormitory room on one occasion on April 18, 2013, which was sometime in the afternoon when he spoke to Dzhokhar Tsarnaev for approximately ten minutes; (2) he did not observe anyone take a backpack out of Dzhokhar Tsarnaev's dormitory room on April 18, 2013; (3) he did not see a backpack inside Dzhokhar Tsarnaev's dormitory room on the evening of April 18, 2013; (4) he did not see any fireworks inside Dzhokhar Tsarnaev's dormitory room on the evening of April 18, 2013; (5) neither he, Kadyrbayev, or Tazhayakov took a backpack from Dzhokhar Tsarnaev's dormitory room on the evening of April 18, 2013; (6) he was not aware of Kadyrbayev or Tazhayakov removing anything from Dzhokhar Tsarnaev's dormitory room on the evening of April 18, 2013; and (7) he did not engage in any conversation with Kadyrbayev and Tazhayakov regarding plans to discard in the trash a backpack, which had been taken from Dzhokhar Tsarnaev's room on the evening of April 18, 2013.

In order to find the defendant guilty of these counts, you must be convinced that the government has proven each of the following three elements beyond a reasonable doubt:

FIRST: That the defendant knowingly made a material false statement;

SECOND: That the defendant made the statement willfully; and

THIRD: That the defendant made the statement to an agent of the Federal Bureau of Investigation, an employee of a federal agency, or an agent assigned to the FBI's Joint Terrorism Task Force.

With regard to the first element, you need only find that the defendant made one of the false statements alleged in each count to find the government met its burden as to this element for each count.

If you find that the defendant's actions satisfied these three elements for one or both of these counts, then you should mark on the verdict slip that the defendant is guilty. If you find him guilty for one or both of these counts, you must also determine whether the government has proven an additional fourth element beyond a reasonable doubt:

FOURTH: That the defendant made the statement during an investigation involving international or domestic terrorism.

Only consider this fourth element as to each count after you have first determined whether the defendant is guilty of the count you are considering.

Adapted from First Circuit Pattern Jury Instructions (Criminal), Instr. 4.03 (1998); see Bryan v. United States, 524 U.S. 184, 196 (1998).

# GOVERNMENT PROPOSED INSTRUCTION NO. 4
## (DEFINITION OF "MATTER WITHIN JURISDICTION OF EXECUTIVE BRANCH")

As a matter of law, I instruct you that the (1) Federal Bureau of Investigation, Department of Justice; and (2) Department of Transportation, Office of Inspector General are agencies within the jurisdiction of the Executive Branch of the U.S. government. I further instruct you that persons assigned to the FBI's Joint Terrorism Task Force fall within the jurisdiction of the Executive Branch of the U.S. government.

## GOVERNMENT PROPOSED INSTRUCTION NO. 5
## ("MATERIALITY" ELEMENT)

A statement is "material" if it has a natural tendency to influence or be capable of influencing the decision or decisionmaker to which it was addressed, regardless of whether the agency actually relied upon it. In other words, "[a] materially false statement is one that "had a natural tendency to influence, or was capable of influencing the decision of a government agency in making a determination required to be made." The government need not show that the agency was actually influenced by the statements involved. If a statement could have provoked governmental action, it is material regardless of whether the agency actually relied upon it. For example, a false statement is material if a truthful answer would have caused the interviewing agent to ask additional or different questions.

United States v. Mehanna, 735 F.3d 32, 54-55 (1st Cir. 2013); United States v. Mubayyid, 658 F.3d 35, 74 (1st Cir. 2011); United States v. Sebaggala, 256 F.3d 59, 64 (1st Cir. 2001); United States v. Arcadipane, 41 F.3d 1, 7 (1st Cir. 1994).

## GOVERNMENT PROPOSED INSTRUCTION NO. 6
### ("FALSE STATEMENT" ELEMENT)

A statement is "false" if it was untrue when made and was then known to be untrue by the person making it.   A false statement is likely to deceive if the nature of the statement, considering all of the surrounding circumstances at the time, would probably mislead or deceive a reasonable person of ordinary prudence.

## GOVERNMENT PROPOSED INSTRUCTION NO. 7
### (DEFINITION OF "WILLFULLY")

An act is done willfully if it is committed voluntarily, intentionally, and with the knowledge that the act, in a general sense, was unlawful. That is, the defendant must have acted with a bad purpose to disobey or disregard the law. The government need not prove that the defendant was aware of the specific provision of the law that he is charged with violating or any other specific provision.

Bryan v. United States, 524 U.S. 184, 196 (1998).

## GOVERNMENT PROPOSED INSTRUCTION NO. 8
### (DEFINITION OF "KNOWINGLY")

The word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.   In other words, the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident.   A false statement is made "knowingly" if the person making it knows that it is false or demonstrates a reckless disregard for the truth, with a conscious purpose to avoid learning the truth.   You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acting knowingly.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 9**
**(ELEMENT - PROOF OF KNOWLEDGE OR INTENT)**

In considering whether the government has proven that the defendant acted knowingly and with intent to commit the crimes charged, note that knowledge or intent may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. Intent may be established by circumstantial evidence and inferences drawn from all the evidence, including the person's words, actions, and conduct as of the time of the occurrence of certain events, and the circumstances surrounding those events.

In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendant. You may consider all other facts and circumstances received in evidence that may aid in your determination of the knowledge or intent of the defendant. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

First Circuit Pattern Jury Instructions (Criminal), Instr. 4.14 (1998).

# GOVERNMENT'S PROPOSED INSTRUCTION NO. 10
## (ELEMENT – FALSE STATEMENT INVOLVING DOMESTIC OR INTERNATIONAL TERRORISM)

The charged false statements "involved" international or domestic terrorism if they were made in an investigation that in anyway involved or related to:

a. violent acts or acts dangerous to human life that are a violation of the criminal laws of a foreign country or would be a criminal violation if committed within the jurisdiction of the United States;

b. acts that appear to be intended to intimidate or coerce a civilian population, or to influence the policy of a government by intimidation or coercion, or to affect the conduct of a government by mass destruction, assassination, or kidnaping; and,

c. acts that occurred primarily outside the territorial jurisdiction of the United States, or transcended national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum (international terrorism as defined in 18 U.S.C. § 2331(1);

or

a. acts dangerous to human life that are a violation of the criminal laws of the United States or of any State;

b. acts that appear intended to intimidate or coerce a civilian population, to influence the policy of a government by intimidation or coercion, or to affect the conduct of a government by mass destruction, assassination, or kidnapping; and,

c. occur primarily within the territorial jurisdiction of the United States (domestic terrorism as defined in 18 U.S.C. § 2331(5) .

*See United States v. Mehanna*, 735 F.3d 32, 54-55 (affirming conviction under Section 1001(a)(2) for making false statements that "had a natural tendency to influence an FBI investigation into terrorism.").