UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Criminal No. 13-10238-DPW |
| v. | ) |
| | ) |
| AZAMAT TAZHAYAKOV, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PROCEDURAL ORDER**
September 15, 2014

In my preliminary review of the Memorandum (Dkt. No. 392) submitted in support of the defendant's motion for judgment of acquittal or alternatively for a new trial (Dkt. No. 342), I note the defendant relies upon an asserted lack of proof that he was aware that a thumb drive was included in the back pack recovered in the landfill. *Id*. at 33-34. In light of the pendency of *Yates* v. *United States*, (S.Ct. 13-7451) before the Supreme Court of the United States - a matter now scheduled for oral argument on November 5, 2014 - and in an effort to sharpen and refine the implications to be drawn from the asserted lack of proof regarding the Defendant's knowledge concerning the thumbdrive in this case, I suggest that the government in its response should fully address all aspects of the following question:

Given the potential that the Supreme Court may adopt the contention pressed by Petitioner in *Yates* that the term "tangible object" in 18 U.S.C. § 1519 is limited to "a thing used to preserve information, such as a server, computer, or similar storage device", *Yates* v. *United States* (Brief of Petitioner), 2014 WL 2965254, is proof of knowledge that the backpack disposed of contained a thumb drive necessary in this case to support a conviction under § 1519 as the object of a conspiracy (Count One), or substantively (Count Two)? *See generally United States* v. *X-Citement Video, Inc.*, 513 U.S. 64 (1994).


　　　　　　　　　　　　　　*/s/ Douglas P. Woodlock*
　　　　　　　　　　　　　　DOUGLAS P. WOODLOCK
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE