UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ROBEL PHILLIPOS, )<br>)<br>Defendant. ) | Crim. No. 13-10238-DPW<br><br>**FILED UNDER SEAL** |

GOVERNMENT'S SUPPLEMENTAL SUBMISSION IN SUPPORT OF
COURT'S RULING EXCLUDING DEFENSE EXPERT PROFESSOR RICHARD LEO

On September 23, 2014, the Court granted the government's motions *in limine* excluding the testimony of three proffered defense experts. Since that time, the defendant has filed additional reports, memoranda, and letters seeking to have the Court reconsider its ruling. For the reasons described herein and the attached expert report of Professor Paul Cassell, the Court should not change its ruling and allow Professor Richard Leo to testify regarding his false confession theories as his proffered testimony does not meet the requirements of *Daubert* and Fed. R. Evid. 702.

**This Court Should Exclude the Proffered Testimony of Professor Leo under Fed. R. Evid. 702, 704, and 403.**

Professor Leo should not be allowed to testify about any of the risk factors that he identified in his report because there is no empirical data that demonstrates that any of the techniques used during the SA Delapena's interview of Phillipos was more likely to cause a false confession rather than a true confession. *See* Professor Cassell Report at 12-32 (analyzing each of Leo's alleged risk factors and the studies submitted in support of those factors). Such a conclusion that Phillipos confession was false is merely conjecture and supposition that is not based upon the facts that have proven at trial. *Id.*

Professor Leo's conclusions are also based upon erroneous facts. For instance, Phillipos

has not proven that any false ploys were used during his interviews. Nor was he questioned for more than six hours. The longest interview conducted by Special Agent Delapena lasted approximately three hours (one hour of which was devoted to polygraph testing and 30 minutes of which involved typing up the defendant's statement). No threats were made to the defendant. He was repeatedly advised that he could be arrested or go to jail if he was lying but merely informing the defendant of the possible penalty for making false statements does not constitute a threat. Further, many of the same so-called "risk factors" about which Leo seeks to testify were already brought to the jury's attention through cross-examination (*e.g.*, the number and length of law enforcement interviews, law enforcement's demeanor and tone of voice when interviewing the defendant, what the agents said to the defendant prior to his confession, etc.). In addition, Professor Leo is not a psychologist or psychiatrist and is therefore not qualified to render an opinion about the defendant's alleged psychological vulnerabilities or level of suggestibility. As discussed in the government's supplemental submission regarding Dr. Davidoff, the suggestibility testing upon which Professor Leo relies is also unreliable and the product of exaggeration or a "deliberate attempt to appear suggestible."

Moreover, the question as to whether the defendant's confession was coerced is a question reserved for the Court. Under 18 U.S.C. § 3501, the Court has already made a preliminary determination that the defendant's statements to law enforcement were voluntarily made and at the conclusion of the government's case-in-chief, the Court will make his final determination. Pursuant to Section 3501, the defendant may argue the circumstances surrounding the defendant's confession to the jury.

Even if the Court were to find that this testimony is reliable, pursuant to Fed. R. Evid. 704, Professor should not be allowed to opine on the ultimate issue in this case -- whether the

defendant's written statement to FBI Special Agent Delapena was false or likely false.

Once the unreliable portions of Professor Leo's proffered testimony are excluded, his testimony boils down to nothing more than the statement: "false confessions happen." As several federal courts have concluded, such testimony will not be helpful to the jury, its minimal probative value is substantially outweighed by unfair prejudice, and this issue is more appropriately handled with jury instructions. Additionally, Professor Leo's testimony would be misleading and unfairly prejudicial and should also be excluded under Fed. R. Evid. 403.

## CONCLUSION

For the reasons set forth herein, Professor's Cassell's report, and the government's prior filings, Professor Leo's proffered testimony should be excluded from trial as it is unreliable, improper, misleading, and unfairly prejudicial.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ B. Stephanie Siegmann
      _____
      B. STEPHANIE SIEGMANN
      JOHN A. CAPIN
      Assistant U.S. Attorneys

Certificate of Service

I do hereby certify that a copy of foregoing was served upon the counsel of record for the defendant by email this 13th day of October 2014.

/s/ B. Stephanie Siegmann